## Callen *versus* Fawcett.

1. The defendants contracted for ice with three persons, who used the name of a paving firm, of which two of them were members. As the ice was delivered, drafts were accepted by defendants payable at a bank, and were endorsed to the plaintiff, who was a clerk in the paving firm, and knew the ice firm was using their name; he had loaned beyond the amount of the drafts to the ice firm. One of the drafts was presented and protested, the others were not presented; there were no funds at the bank to meet the drafts during the time they matured. *Held*, that there were no grounds of suspicion from these facts to require proof of consideration, &c., from the endorsee; and that damages for the non-fulfilment of the ice contract could not be set off against the drafts.

2. The non-presentation of the drafts was accounted for by failure to place funds at the bank to meet them.

February 3d 1869. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia*. To January Term 1867, No. 383.

This was an action of assumpsit by Charles H. Fawcett, endorsee, against James Callen and John Sherin, acceptors.

The writ was issued September 22d 1863.

There were four acceptances drawn by Gore, Rose & Co. to their own order on Callen & Sherin, accepted by them and endorsed by the drawers to the order of the plaintiff; each payable at the Girard Bank, Philadelphia, 60 days after date. One dated June 23d 1863 for $517.50, one July 1st 1863 for $337.25, one July 8th 1863 for $534.38, and one July 15th 1863 for $743.14.

On the trial before Stroud, A. J., the plaintiff gave evidence by R. C. Smith that David Gore, Stanley Gore and Thomas Gore conducted the ice business under the firm name of Gore, Rose & Co.; that the signatures and endorsements of the drafts were in the handwriting of David Gore. On cross-examination the witness stated that there was another firm of the same name in the paving business composed of David and Stanley Gore and other persons not including Thomas Gore. An office of both firms was at No. 8 Congress street, Boston; the ice firm transacted business also at Rockland, Maine; that he would not have known that the three Gores were using the name of Gore, Rose & Co., "but what David Gore told" him. The plaintiff was a clerk of the paving firm.

The plaintiff, under objection and exception, gave in evidence the four drafts. He also gave in evidence the protest of the draft dated June 23d, and that in August and September 1863 the defendants had no account or funds in the Girard Bank. There was no evidence that the other drafts were presented at bank for payment. The plaintiff gave in evidence this letter :—

8 P. F. SMITH—8

[Callen *v.* Fawcett.]

"Philadelphia, September 3d 1863.

"Mr. C. H. Fawcett, Boston, Mass.

"Dear Sir,—Yours of 1st inst. is received.    There is an unsettled difficulty between us and Messrs. Gore, Rose & Co., regarding the note mentioned.    We have been expecting a visit from one of that firm for the purpose of arranging the affair; and when that is done, there will be no trouble with the note.

"Yours, respectfully,

"CALLEN & SHERIN."

Plaintiff here closed.

The defendants then read notices to plaintiff to produce six checks of different dates from February 14th to April 24th 1863 . for $3000 in the aggregate: also any receipt, &c., by which the indebtedness of Gore, Rose & Co. to plaintiff is acknowledged; also the books, &c., of plaintiff of dealings with Gore, Rose & Co., and notes, &c., of the ice firm to plaintiff for money loaned to them; also notice that the plaintiff would be required to prove the consideration he gave for the drafts.    The plaintiff declined to produce the papers called for.    The defendants then called on plaintiff to show the consideration given by him for the bills, and the time he became possessed of them; these also he declined.

The defendants, then, against the objection of the plaintiff, gave in evidence an agreement made May 11th 1863 between A. Garrett, agent of Gore, Rose & Co. and the defendants for 1000 tons of ice at $2.50 per ton to be shipped at Rockland, Maine, to Philadelphia, commencing May 15th, and 500 tons at $3 per ton, to be shipped at same place in June; the freight to be paid by defendants and the ice by acceptances at 60 days from its arrival at Philadelphia: also that the drafts were drawn as the ice arrived, the drawer's name being left blank, and they were so accepted by defendant and sent to Gore, Rose & Co.; also bills of lading for 1130 tons of ice, the last having been delivered June 25th 1863; and that the remainder had never been delivered. The drafts in suit were for the last four cargoes.    They also gave evidence of damage sustained by the failure to deliver the remainder of the ice.

The plaintiff gave evidence that the ice firm had borrowed $3000 from him.

The defendants submitted points which the court affirmed, but charged that he had admitted, by mistake, defendants' testimony as to their agreement with Gore, Rose & Co., and their non-compliance as to part of it and the damages arising therefrom, and instructed the jury to disregard that evidence, and that there was nothing to put the plaintiff on proof of consideration.

The verdict was for the plaintiff for $2524.11.

The defendants took a writ of error; the errors assigned being the admission of the drafts, and charging the jury to disregard

[Callen v. Fawcett.]

the defendant's evidence, and that there was nothing to put the plaintiff on proof of consideration.

*J. Samuel* and *R. C. McMurtrie*, for plaintiffs in error.—David Gore's declaration that the three Gores used the firm name was not competent: Bailey *v.* Knapp, 7 Harris 192; Hatz *v.* Snyder, 2 Casey 511; Swanzey *v.* Parker, 14 Wright 451.

Slight evidence is sufficient to rebut the presumption that negotiable paper is held bonâ fide: Snyder *v.* Riley, 6 Barr 168; Tams *v.* Way, 1 Harris 222; Lancaster Bank *v.* Woodward, 6 Id. 361; Bower *v.* Hastings, 12 Casey 289; Smith *v.* Ewer, 10 Harris 116; Hill *v.* Kroft, 5 Casey 188; Raphael *v.* Bank of England, 17 C. B. 162; 1 Pars. on Cont. 254; Maples *v.* Browne, 12 Wright 460.

If the plaintiff took the drafts malâ fide or after maturity, damages against the Gores might be set off against the drafts. Uhler *v.* Sanderson, 2 Wright 128; Fessler *v.* Love, 7 Id. 313.

*G. W. Crawford* (with whom was *Brewster*, Attorney-General), for defendant in error.

The opinion of the court was delivered, February 13th 1868, by Agnew, J.—The 1st error has not been properly assigned. The proof, however, of the signatures to the bills and endorsements was sufficient. The handwriting was that of David Gore, one of the partners in the firm of Gore, Rose & Co., engaged in the ice business. The existence of this firm independently of the paving firm of Gore, Rose & Co., was abundantly proved, and the fact that the bills arose in the ice business. The statement of David Gore was therefore unimportant whether competent or not.

None of the other assignments of error are supported. The judge informed the jury correctly that there were no circumstances of suspicion that required Fawcett to prove the consideration he gave for the bills or the bona fides of the transaction. The fact that the last three bills were not presented at the bank for payment is clearly accounted for by the failure to place funds there to pay the first and all the subsequent bills. After the first bill had gone to protest, and before the second fell due, we find by the letter of the defendants of September 3d, that the plaintiff had entered into correspondence about it, and that they were refusing payment. There was not the slightest doubt cast upon the solvency of the defendants, as acceptors, to require Fawcett to be very particular to protect the paper with a view to hold his friends the Gores liable to him, while as to them his advance of funds to them made it a debt of honor.

Nor is there anything in the fact that Fawcett, as the clerk of the paving firm of Gore, Rose & Co., knew that the ice firm was

[Callen *v.* Fawcett.]

using the name of the paving firm in their business. Had the question concerned the liability of the paving firm by the use of their partnership style, this knowledge on Fawcett's part would have been an important circumstance. But it afforded no possible reason for suspecting the paper given to the ice firm of Gore, Rose & Co., by their own customers. The agreement for the ice was made by Callen & Sherin with Gore, Rose & Co. by that name. The use of that style was no ground to suspect the bills given afterwards upon the delivery of the ice. In fact the bills in suit are entirely sound; the only purpose of the defendants being now to visit upon them the effect of the subsequent breach of the contract for the delivery of the ice.

Finding no error in the record the judgment is affirmed.